*292 JAMES L. DENNIS, Circuit Judge,
adding additional reasons and concurring in the judgment:
Plaintiffs-appellants Jon Timothy and Tami Carmichael, on behalf of themselves and the estate of their deceased son, Jon Thomas Carmichael, who they claim committed suicide as a result of school bullying, allege in their complaint that school officials were deliberately indifferent to a pattern of sexual assault against Jon. Specifically, the Carmichaels allege that students forcibly removed Jon’s underwear on numerous occasions and one time videotaped an incident in which they stripped Jon nude, tied him up, and placed him in a trash can while calling him a “fag,” “queer,” and “homo.” I agree fully with the panel’s conclusion that these allegations “plausibly constitute! ] pervasive harassment of a sexual character.” Ante, at 290. I thus join the panel’s judgment reversing the district court’s dismissal of the Title IX claim. However, I also join in reversing the district court for an additional reason urged by the Carmichaels and, as amicus curiae, the United States, which I write separately to explain.
In addition to the above-described bullying against Jon, the complaint further alleges that Jon was the victim of other “incessant bullying” that occurred in the school’s hallways, in class, on the football field, and in the locker room. In the hallways, he was “bumped and hit almost every day.” On the football field, he was pushed onto the ground “on an almost-daily basis.” In the locker room, he was “frequently accosted.” Other harassment included, on some occasions, students picking him up and putting him in garbage bins and, on other occasions, destroying his personal property. This harassment is not alleged to have been “bas[ed] on sex,” 20 U.S.C. § 1681(a), in the sense that it involved bodily contact “of a sexual character.” Gf. ante, at 290. It is, however, alleged to have been harassment that was “bas[ed] on sex” because it was motivated by Jon’s perceived failure to satisfy “gender-based stereotypes,” specifically, that he was not sufficiently “masculine.” See generally Price Waterhouse v. Hopkins, 490 U.S. 228, 235, 250-51, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989). Thus, the question is, when harassment against a student is motivated by that student’s perceived failure to satisfy gender-based stereotypes, is such harassment “bas[ed] on sex” under Title IX? [1] The Carmichaels and the United States urge us to answer “yes.”
The persuasive authority of which I am aware is uniform in suggesting that such harassment is indeed “bas[ed] on sex” in the meaning of the statute. Two of our sister circuits have stated, although one in an unpublished opinion and both with little analysis, and no circuit of which I am aware has said otherwise, that, under Title IX, harassment may be “bas[ed] on sex” when it is motivated by the victim’s failure to satisfy his peers’ pre-conceived gender stereotypes. See Wolfe v. Fayetteville, Ark Sch. Dist., 648 F.3d 860, 867 (8th Cir.2011) (stating that the plaintiff was required to prove that the “harasser intended to discriminate against him ‘on the basis of sex,’ meaning the harassment was motivated by either [his] gender or failure to conform with gender stereotypes”); Doe v. East Haven Bd. of Educ., 200 Fed.Appx. 46, 48 (2d Cir.2006) (unpublished) (similar). A number of district courts have held the same. See, e.g., N.K. v. St. Mary’s Springs Acad. of Fond Du Lac Wisc., Inc., 965 F.Supp.2d 1025, 1034 (E.D.Wis.2013); *293 Doe v. Brimfield Grade Sch., 552 F.Supp.2d 816, 828 (C.D.Ill.2008); Seiwert v. Spencer-Owen Cmty. Sch. Corp., 497 F.Supp.2d 942, 953 (S.D.Ind.2007); Theno v. Tonganoxie Unified Sch. Dist No. 464, 377 F.Supp.2d 952, 965 (D.Kan.2005); Howell v. N. Cent. Coll., 320 F.Supp.2d 717, 722 (N.D.Ill.2004); Montgomery v. Indep. Sch. Dist. No. 709, 109 F.Supp.2d 1081, 1092 (D.Minn.2000).
Likewise, the U.S. Department of Education’s Office for Civil Rights, which is charged with enforcing Title IX, agrees that
gender-based harassment, including that predicated on sex-stereotyping, is covered by Title IX if it is sufficiently serious to deny or limit a student’s ability to participate in or benefit from the program. Thus, it can be discrimination on the basis of sex to harass a student on the basis of the victim’s failure to conform to stereotyped notions of masculinity and femininity.
U.S. Dep’t of Educ., Office FOR Civil Rights, Revised Sexual Harassment Guidance: Harassment Of Students By School Employees, Other Students, or Third Parties (2001); see also Davis ex rel. LaShonda D. v. Monroe Cnty. Bd. of Educ., 526 U.S. 629, 647-48, 119 S.Ct. 1661, 143 L.Ed.2d 839 (1999) (turning to OCR guidance in construing Title IX); Rowinsky v. Bryan Indep. Sch. Dist., 80 F.3d 1006, 1015 n. 20 (5th Cir.1996) (“When interpreting title IX, we accord the OCR’s interpretations appreciable deference.”), disapproved of on other grounds by Davis, 526 U.S. at 637-38, 119 S.Ct. 1661; Riccio v. New Haven Bd. of Educ., 467 F.Supp.2d 219, 226 & n. 8 (D.Conn.2006).
I find additional support for this authority in the law of Title VII of the Civil Rights Act of 1964, which prohibits certain employment discrimination, including workplace harassment “because of ... sex.” 42 U.S.C. § 2000e-2. In construing Title IX’s meaning of harassment “bas[ed] on sex,” courts, including the Supreme Court and this court, frequently rely on case law construing Title VII’s prohibition on workplace harassment “because of ... sex.” See, e.g., Franklin v. Gwinnett Cnty. Pub. Schs., 503 U.S. 60, 75, 112 S.Ct. 1028, 117 L.Ed.2d 208 (1992) (relying on Meritor Savings Bank, FSB v. Vinson, 477 U.S. 57, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986) (Title VII case)); Olmstead v. L.C. ex rel. Zimring, 527 U.S. 581, 616 n. 1, 119 S.Ct. 2176, 144 L.Ed.2d 540 (1999) (Thomas, J., dissenting) (citing Franklin and noting that the Supreme Court has “looked to its Title VII interpretations of discrimination in illuminating Title IX”); Doe ex rel. Doe v. Dallas Indep. Sch. Dist., 153 F.3d 211, 219 (5th Cir.1998) (relying on Title VII precedent to construe Title IX); Lipsett v. Univ. of P. R., 864 F.2d 881, 897 (1st Cir.1988) (“[T]he Title VII standard for proving discriminatory treatment should apply to claims of sex discrimination arising under Title IX.”).
In that tradition, I now turn to this court’s recent decision in Equal Employment Opportunity Commission v. Boh Brothers Construction Co., 731 F.3d 444 (5th Cir.2013) (en banc), which explicated the meaning of harassment “because of ... sex” under Title VII and is highly relevant here. Boh Brothers involved a male manager harassing a male employee. Much of the manager’s harassment originated from his learning that the employee used “Wet Ones,” a moist, antibacterial wipe, rather than ordinary dry toilet paper, and the manager thought that such election was “kind of gay” and “feminine.” Id. at 450. The manager called the employee a “ ‘pu - - y,’ ‘princess,’ and ‘fa - - ot,’ often ‘two to three times a day.’ ” Id. at 449. Numerous times each week, when the employee “bent over to perform a *294 task,” the manager “approached him from behind and simulated anal intercourse with him.” Id. The manager showed his penis to the employee not infrequently and once threatened to put his “d-ck” in the employee’s mouth while the employee was sleeping. Id. at 449-50.
In holding that the manager’s harassment was actionable under Title VII, we held that “a plaintiff may establish a sexual harassment claim with evidence of sex-stereotyping,” or, in other words, “with evidence of a plaintiffs perceived failure to conform to traditional gender stereotypes.” Id. at 454, 456 (citing Price Waterhouse, supra). Thus, the EEOC, litigating the case on behalf of the employee, could — and did — “rely on evidence that [the manager] viewed [the employee] as insufficiently masculine to prove its Title VII claim.” Id. at 456. The evidence showed that the manager’s harassment was motivated by a perception that the employee was not sufficiently masculine — i. e., the employee “fell outside of [the manager’s] manly-man stereotype” — and such harassment, as so motivated, constituted unlawful discrimination “because of ... sex.” Id. at 459.
For the same reasons Title VII prohibits harassment based on gender stereotypes at work, as we held in Boh Brothers, I think Title IX does the same for children at school. Title VU’s prohibition on harassment because of sex is aimed at affording equal opportunity for workers to thrive in the marketplace based on their abilities and without respect to gender identity. Similarly, Title IX aims for equal educational opportunity. In both the workplace and school, tolerance of harassment for failure to satisfy gender stereotypes stifles the opportunity for success based on merit rather than gender identity characteristics unrelated to ability. I see no rational reason why severe harassment motivated by a failure to satisfy gender stereotypes should be unlawful when carried out against adult workers but permitted when targeted against children. In short, I see no reason for Title VII and Title IX to diverge with respect to the issue of whether severe harassment motivated by a failure to satisfy gender stereotypes is actionable. Thus, I join every court of which I am aware to have addressed the question and I would hold that, when severe, pervasive, and objectively offensive harassment is motivated by the victim’s failure to satisfy gender stereotypes, it is “bas [ed] on sex” in the meaning of Title IX and, so long as the other requirements of a Title IX claim are satisfied, there is an actionable claim.
In conclusion, I join the majority in reversing the district court because the Car-michaels’ complaint plausibly alleges actionable harassment of a sexual nature involving bodily contact. And, I further join in reversing the district court because, in my view, the complaint also plausibly alleges actionable harassment that was motivated by Jon’s perceived failure to satisfy gender-based stereotypes.

. In addition to the harassment being "bas[ed] on sex,” an actionable Title IX claim requires the other elements to be met too, of course. See generally Davis ex rel. LaShonda D. v. Monroe Cnty. Bd. of Educ., 526 U.S. 629, 119 S.Ct. 1661, 143 L.Ed.2d 839 (1999).